THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney                    **JS-6**
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT
Assistant United States Attorney
California Bar Number 157311
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931
     Facsimile: (213) 894-7177
     E-mail: Monica.Tait@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 08-1545 VBF (FFMx) |
| Plaintiff, | JUDGMENT IN FAVOR OF UNITED STATES AND ORDER RECOGNIZING LIEN OF MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC. |
| v. | |
| TWO 2007 NISSAN ALTIMAS, ONE 2007 CADILLAC CTS, ONE 2007 FORD MUSTANG, ONE 2007 CHEVROLET AVEO LS, AND ONE 2007 CHEVROLET TAHOE, | |
| Defendants. | |
| JOSE G. ESCOBAR, LINDA ESCOBAR, AND MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC., | |
| Claimants. | |

The court having reviewed the STIPULATION FOR ENTRY OF JUDGMENT IN FAVOR OF UNITED STATES AND RECOGNIZING LIEN OF MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC. by and between

CV-08-1545

Plaintiff United States of America and claimant Manheim Automotive Financial Services, Inc. ("Manheim"), and having reviewed and previously entered in this action a Consent Judgment as to the Interests of Jose Escobar, Sr., Linda Escobar, and All Other Potential Claimants Other than Manheim Automotive Financial Services, Inc., IT IS HEREBY ORDERED AS FOLLOWS:

1. Pursuant to the Consent Judgment previously entered in this matter, all right, title, and interest of Jose Escobar Sr., Linda Escobar, Best Value Auto Body, Jose Arcesio Perez Jarrin, Eddie Avakian, Pedro Partida, Jose Gregorio Escobar, Jr., Alejandro Nunez-Avilez, Southern California Auto Auction, Enterprise Rent-a-car, PV Holding Corporation, and all other potential claimants other than Manheim, has been declared forfeited to the United States. The defendant vehicles are more particularly described as follows:

    a. One 2007 Nissan Altima, VIN 1N4AL21E77N412114, and Nevada license no. 543UCG;

    b. One 2007 Nissan Altima, VIN 1N4AL21E97C124297, and California license no. 5XEG229;

    c. One 2007 Cadillac CTS, VIN 1G6DM57T070179785 and California license no. 5YQM911;

    d. One 2007 Chevrolet Aveo LS, VIN KL1TD56637B066056 and California license no. 5VJS189;

    e. One 2007 Ford Mustang, VIN 1ZVFT84NX75253715 and California license no. 5WIG112; and

    f. One 2007 Chevrolet Tahoe, VIN 1GNFC13J97R167188 and California license no. 5UGT757.

3. Manheim has a valid, pre-existing lien on the defendant

vehicles which is not contested by plaintiff. The lien is described in paragraph 2 and Exhibit A of the *Stipulation Recognizing Lien of Manheim Automotive Financial Services, Inc.* filed in a related matter, <u>United States v. Vehicles Seized from Brooklyn Auto Sales Business Locations</u>, CV 08-00035 (the "Related Case Stipulation"). The single lien applies both to the defendant vehicles in this action and to the substantially larger number of vehicles described in the Related Case Stipulation.

  4. The defendant vehicles having been declared forfeited to the United States as to all interests other than Manheim's by the earlier Consent Judgment, the United States Marshals Service shall dispose of the defendants in accordance with law and in the same manner as provided in paragraph 3 of the Related Case Stipulation for the disposition of forfeited vehicles, as if the defendant vehicles had been part of the pool of forfeited vehicles described in the Related Case Stipulation.

  5. If the funds generated by the sale of defendant vehicles and forfeited "BAS Premises Vehicles" are sufficient to pay in full the "Amount Owed to Manheim" (as those terms are defined in the Related Case Stipulation), payments to Manheim from the sales proceeds shall be in full settlement of all claims against the United States resulting from the incidents or circumstances giving rise to this forfeiture action. Moreover, as long as the United States sells all the defendant vehicles and all the forfeited BAS Premises Vehicles, and if the funds generated by the sale of the vehicles are not sufficient to pay in full the Amount Owed to Manheim, the above-described payments to Manheim from the sales proceeds of the vehicles sold shall nevertheless

be in full settlement of all claims against the United States resulting from the incidents or circumstances giving rise to this forfeiture action.  *Provided*, except as otherwise specifically set forth herein, Manheim is not prevented from taking action to collect any remaining part of the Amount Owed to Manheim from any person or entity other than the United States.

6.  Upon full payment of the Amount Owed to Manheim, Manheim shall assign and convey its security interest in any unsold defendant vehicles via recordable documents.

7.  Upon full payment of the Amount Owed to Manheim, or upon the sale of all the defendant vehicles and all the forfeited BAS Premises Vehicles, Manheim agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Manheim and its agents which currently exist or which may arise as a result of the government's action against the defendants.

8.  Manheim shall not pursue against the United States any other rights that it may have under Exhibits A and B to the Related Case Stipulation, including, but not limited to, the right to take possession of the defendant vehicles, without the consent of the United States Attorney's Office or this Court.

9.  Manheim understands and agrees that by entering into the stipulation as to its interests in the defendants, it waives any rights to further litigate against the United States its interest in such vehicles.  The court hereby relieves Manheim of the obligation to file an answer in this matter, releases Manheim

1 from further participation in this litigation, and vacates status
2 conference set for September 21, 2009.
3     10.  The parties shall execute further documents, to the
4 extent necessary, to convey clear title to any defendant vehicle
5 to further implement the terms of their stipulation and this
6 order.
7     11.  Each side waives any right to appeal the terms of their
8 stipulation and this order.  The clerk is directed to enter this
9 Order, which constitutes a final judgment resolving this action.

**IT IS SO ORDERED.**

DATED: August 10, 2009   _____
                          THE HONORABLE VALERIE BAKER FAIRBANK
                          United States District Judge


Presented by:

THOMAS P. O'BRIEN
United States Attorney

   /s/                .
MONICA E. TAIT
Assistant United States Attorney